IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL SHELTON         :
                        :
   v.                   :     Civil No. CCB-05-2706
                        :
LOCKHEED MARTIN CORPORATION  :

## MEMORANDUM

Now pending before the court is the defendant's motion to dismiss upon the grounds that this court is an improper venue for this action. In the alternative, defendant moves this court to transfer this action to the United States District Court for the Eastern District of Virginia in accordance with 28 U.S.C. § 1406(a). The issues have been fully briefed and no hearing is necessary. *See* Local Rule 105.6. For the reasons stated below, the motion to dismiss will be denied, but the case will be transferred to the United States District Court for the Eastern District of Virginia.

## BACKGROUND

Plaintiff Michael Shelton is an African American male who began working for the defendant, Lockheed Martin Corporation ("Lockheed"), on January 29, 2001.[1] Shelton was assigned to a program operated by Lockheed for the United States Army called the Army Information Technology Agency contract. At all times during his employment, Shelton was assigned to work at the Pentagon or in a nearby office building in Arlington, Virginia.

---

[1] Lockheed Martin Corp. does not admit that it is the proper defendant in this action. According to Lockheed, at all times during the course of his employment, Shelton worked for Lockheed Martin Operations Support, Inc., which is a subsidiary of Lockheed Martin Services, Inc., which maintains its headquarters in Cherry Hill, New Jersey. Shelton never worked for Lockheed Martin Corp. Reply at n.1.

Shelton makes several claims in his complaint stemming from his employment with, and subsequent termination from, Lockheed. First, Shelton alleges that he was verbally and physically assaulted by a Caucasian employee. When Shelton complained about the abuse to his supervisors, they failed to correct the situation, forcing Shelton to file criminal charges with the Pentagon Police. Second, Shelton alleges that Lockheed engaged in a pattern of disparate treatment toward African American employees, including Shelton. To be more precise, Shelton alleges that Lockheed, when faced with the need to reduce its workforce by 10 percent, laid-off a disproportionate number of African American employees. Shelton also asserts that Lockheed forced him, along with 30 other African American employees, to take a leave of absence without pay for three weeks because he allegedly lacked the security clearance required to work at the Pentagon. According to Shelton, Lockheed expedited the security clearance process for white employees, but only allowed Shelton and four other African American employees to return to work after their local congressmen contacted Lockheed about this situation. Third, Shelton alleges that he was passed over for a promotion that was instead given to a less qualified Caucasian employee. Finally, Shelton alleges that his termination was the result of unlawful retaliation. In July 2004, Shelton provided an affidavit to the Virginia Human Rights Commission as part of that agency's investigation into a discrimination claim filed by a co-worker. In the spring of 2004, Shelton filed his own complaint with the Washington, DC field office of the Equal Opportunity Employment Commission ("EEOC"). Shelton also complained about the disparate treatment he faced to Dalila S. Wortman, a Lockheed employee located in Bethesda, Maryland, who was charged with overseeing diversity and harassment issues in the workplace. According to Shelton, neither Wortman nor any other employee took any steps to

address Shelton's concerns. Lockheed terminated Shelton's employment on the basis of insubordination on September 22, 2004. Shelton argues that this was merely a pretext for unlawful retaliation.

Shelton subsequently filed a complaint in this court, alleging discrimination (Count I) and retaliation (Count III) on account of his race, in violation of 42 U.S.C. § 1981. Shelton further alleges discrimination (Count II) and retaliation (Count IV) on account of his race, color, and national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*

## ANALYSIS

Lockheed correctly argues that this district is not the proper venue for Shelton's case. Title VII limits the choice of forums to: (1) any judicial district in the state in which the unlawful employment practice is alleged to have occurred; (2) the judicial district in which the relevant employment records are kept and administered; or (3) the judicial district in which the injured person would have worked but for the unlawful employment practice. *See* 42 U.S.C. § 2000e-5(f)(3). Shelton worked exclusively in Arlington, Virginia, either at the Pentagon or in a nearby office building, during his tenure with Lockheed. He was supervised by managers who worked in Arlington. The decision to terminate Shelton was made in Arlington. And Arlington was also the place where Shelton was terminated from employment. Plaintiff would not have worked in Maryland even if he had been selected for the position about which he complains, nor would he have worked in Maryland if he had not been terminated in September 2004. In addition, Shelton's employment records were always maintained and administered in Arlington through the course of his employment, with the exception of his payroll checks, which were processed in

Florida.[2]

Despite these facts, Shelton claims that venue is proper in Maryland because Maryland is the judicial district in which some of the unlawful employment practices are alleged to have occurred. Shelton's sole contention is that during the summer of 2004, he complained about his employment grievances to Delila Wortman, a manager based in Lockheed's Bethesda, Maryland office. Wortman and other managers in Maryland purportedly failed to take corrective action of Shelton's behalf. This claim, even if it is true, is not sufficient to establish venue in Maryland. Any complaints that Shelton may have made to Wortman would have been about discriminatory conduct that was occurring at his workplace in Arlington, Virginia. In other words, Arlington is the place where all, or at least a substantial part, of the discrimination occurred. *See Donnell v. National Guard Bureau,* 568 F.Supp. 93, 94 (D.D.C. 1983) (finding that venue was improper in the District of Columbia because "a *substantial part, if not all*, of the employment practices challenged ... were committed in Virginia....") (emphasis added). As such, the Eastern District of Virginia is an appropriate venue for Shelton's Title VII claim but Maryland is not.

Because there is no specific venue provision for 42 U.S.C. § 1981, venue is determined by the general venue provision of 28 U.S.C. § 1391. Under the general provision, civil actions that are not based on diversity of citizenship may be brought in: (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a

---

[2] Shelton claims that a copy of his employment records are, in fact, maintained in Maryland, and that a computer server located in Maryland stores a set of these records. Shelton, however, presents no evidence to support these claims, while Lockheed has filed a signed declaration stating that it does not maintain a computer server with a copy of Shelton's employment records in Maryland. At best, a paper copy of some records may be in Maryland, but it is clear the primary employment records are not maintained in Maryland. Accordingly, I do not believe that discovery would help resolve the contested issues.

substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. § 1391(b). Because Lockheed resides in Maryland, as it is a Maryland corporation that regularly does business within the state, Shelton has established proper venue for his § 1981 claim.[3] Venue would also be proper in the Eastern District of Virginia, however, because Lockheed also resides there and the alleged employment practices occurred there.

Whereas venue in this court is proper only for the § 1981 claim, venue would be proper for both the § 1981 claim and the Title VII claims in the Eastern District of Virginia. This court, in *Benton v. England,* 222 F.Supp.2d 728 (D.Md. 2002), faced a nearly identical circumstance, albeit with respect to a claim against the United States subject to the venue provisions in 28 U.S.C. § 1391(e). In *Benton,* the plaintiff brought claims under both Title VII and the Age Discrimination in Employment Act ("ADEA").[4] After finding that venue for only one of the two claims would be proper in Maryland, the court concluded that "the most efficient and sensible result is not a non-prejudicial dismissal of one claim, but rather transfer of the entire case to the District of Columbia," where venue would be proper for both claims. *Id., quoting Lengacher v. Reno,* 75 F.Supp.2d 515, 519 (E.D.Va. 1999).

Accordingly, in the interest of justice and judicial economy, the case will not be

---

[3] For purposes of § 1391, "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." *See* 28 U.S.C. § 1391(c). Lockheed does not contest that it maintains an office in Bethesda, Maryland. Accordingly, I will assume that this court would have personal jurisdiction over Lockheed.

[4] The ADEA, like § 1981, is controlled by the general venue provision of § 1391.

5

dismissed but will be transferred to the United States District Court for the Eastern District of Virginia.  *See* 28 U.S.C. § 1406(a).

    A separate Order follows.


<u>February 6, 2006</u>            <u> /s/                      </u>
Date                                 Catherine C. Blake
                                         United States District Judge